**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 05-CV-02515 -WDM

DONALD J. MCCORMICK,

        Plaintiff

v.

JO ANNE B. BARNHART,
Acting Commissioner of Social Security,

        Defendant

_____

**MEMORANDUM OPINION AND ORDER**
_____

Miller, J.

This is an appeal of the decision of Defendant, Jo Anne B. Barnhart, Commissioner of Social Security (henceforth "Commissioner"), denying Plaintiff Donald J. McCormick's (henceforth "McCormick") application for supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. Sections 401-433 and 1381-1383c and disability benefits under Title II of the Social Security Act, 42 U.S.C. Sections 216(i) and 223.

McCormick's application for benefits was filed on April 14, 2003 (Transcript ("Tr.") 57) with an alleged onset date of disability of December 4, 2002 (Tr. 57). Following the initial administrative denial on June 27, 2003 (Tr. 46), McCormick then requested a hearing before an Administrative Law Judge (henceforth "ALJ") on July 21, 2003 (Tr. 51). The hearing was held in Colorado Springs, Colorado, on November 8, 2004 (Tr. 29) before

1

ALJ William Musseman for the Office of Hearings and Appeals.

The ALJ found at Step One of the five step sequential evaluation required by law pursuant to 20 C.F.R. 404.1520 and 416.920 that McCormick has not engaged in substantial gainful activity since December 4, 2002 (Tr. 27).  At Step Two, the ALJ found that McCormick has severe impairments, namely, severe degenerative changes of the lumbosacral spine with fusion (Tr. 27).  At Step Three, the ALJ found that McCormick's medically determinable impairments do not meet or equal a listing of impairment (Tr. 27).  At Step Four, the ALJ found that McCormick was unable to return to his past relevant work (Tr. 27).

At Step Five, the ALJ found that McCormick was a younger individual who has a marginal [7th grade] education (Tr. 27) with no transferable skills (Tr. 28).  Although the ALJ did not elicit testimony from the vocational expert, he found that McCormick could perform a full range of sedentary unskilled work based upon Medical-Vocational Rule 201.25, Table Number 1, Appendix 2 to Subpart P, Regulation Number 4 (Tr. 28). Accordingly, the ALJ found McCormick not to be under a disability as defined in the Social Security Act at any time from December 4, 2002 through the date of the decision of March 23, 2005.

McCormick timely filed a Request For Review Of Hearing Decision on March 25, 2005  (Tr. 15) and submitted a Physical Residual Functional Capacity Questionnaire from Eric A. Brewner, M.D. (Tr. 238-243).  The Appeals Council denied review of McCormick's claim in the Notice Of Appeals Council Action dated December 2, 2005 (Tr. 5). McCormick

timely filed a complaint with the United States District Court for the District of Colorado. This Court has jurisdiction to review the decision pursuant to 42 U.S.C. Section 405(g).

## STANDARD OF REVIEW

A court's review of a finding that a plaintiff is not disabled is limited to determining whether the Commissioner applied the correct legal standard and whether the decision is supported by substantial evidence. *Hamilton v. Sec. Of Health and Human Servs.*, 961 F.2d 1495, 1497-98 (10th Cir. 1992). Substantial evidence is evidence a reasonable mind would accept as adequate to support a conclusion. *Brown v. Sullivan*, 912 F.2d 1194, 1196 (10th Cir. 1990). It requires more than a scintilla of evidence but less than a preponderance of the evidence. *Gossett v. Bowen*, 862 F.2d 802, 804 (10th Cir. 1988). "Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." *Musgrave v. Sullivan*, 966 F. 2d 1371, 1374 (10th Cir. 1992). Although the Court should carefully examine the record, it may not weigh evidence or substitute its discretion for that of the Commissioner. *Id.*

Further, if the ALJ failed to "apply the correct legal test, there is ground for reversal apart from substantial evidence." *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993).

## DISCUSSION

### 1. Whether the ALJ Erred in Assessing the Opinions of McCormick's Treating Sources

McCormick argues that the ALJ erred in rejecting the opinions of Sana Bhatti, M.D., one of McCormick's treating sources, who had prepared a Medical Assessment Of Ability

3

To Do Work-Related Activities (Physical) dated November 27, 2003 (Tr. 127-131). McCormick also argues that the ALJ erred in rejecting the opinions of Ronald Laub, M.D. who is board certified in pain management and anesthesiology. McCormick argues that the ALJ did not properly assess these treating source opinions pursuant to 20 C.F.R. 404.1527(d) and 20 C.F.R. 416.927(d). I agree.

The ALJ is required to evaluate every medical opinion he receives pursuant to 20 C.F.R. 404.1527(d) and 416.927(d). In determining the weight to be given a medical opinion, the ALJ must consider the length of the treatment relationship and frequency of examination, the nature and extent of the treatment relationship, the degree to which the physician's opinion is supported by relevant evidence, consistency between the opinion and the record as a whole, and whether or not the physician is a specialist. 20 C.F.R. Section 416.927(d)(2)-(6) and *Goatcher v. U.S. Dept. Of Health and Human Servs.*, 52 F.3d 288, 290 (10th Cir. 1995). A treating source's medical opinion must be given controlling weight if it is well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record. 20 C.F.R. Section 416.927(d)(2).

Before an ALJ can reject the opinion of a treating physician completely, he must give specific, legitimate reasons for doing so. *Watkins v. Barnhart*, 350 F. 3d 1297, 1301 (10th Cir. 2003). Just after the surgery, McCormick reported to Dr. Bhatti that his symptoms were relieved with sitting or lying down; however, Dr. Bhatti's evaluation several months later limited McCormick to zero hours of sitting, standing and walking. The ALJ stated, "If

this were the case, the claimant would be bedridden and it is clear that Dr. Bhatti knows this degree of limitation to be inaccurate." Tr. at 23.  Accordingly, the ALJ gave no weight to Dr. Bhatti's medical source statement "as it shows a willingness to report limitations that are dramatically in excess of those that he knows to be truthful."  *Id.*  The ALJ also gave no weight to Dr. Laub's opinion that McCormick could not sit for a prolonged period of time. *Id.* at 24.  The ALJ rejected this based on McCormick's early reports that he got relief from sitting and because "Dr. Laub's clinical records do not show any objective signs and findings that might support such a conclusion."  *Id.*

The ALJ apparently seized on one report by McCormick concerning relief he got from changing position while disregarding all other substantial and consistent evidence and failing to consider the factors identified in 20 C.F.R. Section 416.927(d)(2)-(6) in evaluating these treating physicians' opinions.  "[I]n choosing to reject the treating physician's assessment, an ALJ may not make speculative inferences from medical reports and may reject a treating physician's opinion outright only on the basis of contradictory medical evidence and not due to his or her own credibility judgments, speculation, or lay opinion." *Langley v. Barnhart*, 373 F.3d 1116, 1121 (10th Cir. 2004).  The ALJ's rejection of Dr. Bhatti's opinion is based on a credibility determination rather than on the medical evidence.  In addition, the ALJ's determination that Dr. Bhatti reported McCormick's condition to require him to be "bedridden" is not supported by substantial evidence; Dr. Bhatti clarifies his opinion that McCormick is limited to "zero" hours of sitting or standing by indicating in the same assessment that McCormick can sit or stand for 15-20 minutes

5

before changing position.

If the ALJ determines the treating source medical opinion is not entitled to controlling weight, it should not be rejected outright.  "Treating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. § 404.1527 and 416.927."  *Watson v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003) (quoting SSR 96-2p).  Here, there is no indication that the ALJ considered several key factors concerning Dr. Laub's opinions, including the length of the treatment relationship, examinations and treatment performed, and Dr. Laub's specialization. Similarly, I cannot discern whether the ALJ gave the opinion of Dr. Bhatti any deference or that he properly considered all of the factors of 20 C.F.R. Section 416.927(d)(2)-(6).

**2.    Whether The Appeals Council Erred In Assessing The Opinions Of Eric Brewner, M.D.**

McCormick argues that the Appeals Council erred by denying review of new and material evidence provided in the opinions of Eric Brewner, M.D. who had prepared a Physical Residual Functional Capacity Questionnaire which opines on McCormick's functional capacity that "existed prior to March 23, 2005" (Tr. 238).  I agree.

These medical records are new, material and are related to the period before the date of the ALJ's decision.  *Chambers v. Barnhart*, 389 F.3d 1139, 1142 (10th Cir. 2004). The Functional Capacity Questionnaire is material because it includes opinions from treating source, Eric Brewner, M.D. whose answers pertain to Mr. McCormick's limitations prior to March 23, 2005 (Tr. 238).

Dr. Brewner first treated McCormick on December 4, 2002 and then again in March 2004. Dr. Brewner opines that McCormick's experience of pain is severe enough to interfere with attention and concentration on a frequent basis (Tr. 239) and that the side effects from medication include drowsiness, sedation and difficulty with concentration (Tr. 240). Dr. Brewner also opines that the average number of days per month McCormick is likely to be absent from work as a result of the impairments or treatment exceeds four days per month (Tr. 243). In addition to these nonexertional limitations, Dr. Brewner also provides significant exertional limitations and opines that McCormick's impairments lasted or can be expected to last at least twelve months (Tr. 240). Further, he opines, in agreement with Dr. Bhatti and Dr. Laub, that McCormick cannot sit or stand for more than 15-20 minutes at a time before changing position, which would affect McCormick's ability to perform sedentary work. Tr. 240.

Accordingly, proper weight needs to be assigned to Dr. Brewner's opinions by an ALJ pursuant to 20 C.F.R. Section 416.927(d)(2)-(6).

Further, it is not appropriate to deny McCormick's disability claim based upon Medical-Vocational Rules since Mr. McCormick also suffers from nonexertional impairments. "[A]n ALJ may not rely conclusively on the grids unless he finds (1) that the claimant has no significant nonexertional impairment, (2) that the claimant can do the full range of work at some RFC level on a daily basis, and (3) that the claimant can perform most of the jobs in that RFC level." *Thompson v. Sullivan*, 987 F.2d 1482, 1488 (10th Cir. 1993). Each finding must be supported by substantial evidence. *Id.* The record does not

support a finding that McCormick's pain, a nonexertional impairment, is insignificant. Accordingly, the ALJ should obtain evidence from a vocational expert on McCormick's occupational base and provide the vocational expert with hypothetical questions that reflect the specific limitations established by the record as a whole.

Accordingly, it is ORDERED that this case is REVERSED AND REMANDED to the Commissioner pursuant to 42 U.S.C. Section 405(g) for further proceedings consistent with this Order.

DATED at Denver, Colorado, on February 7, 2007.

BY THE COURT:


s/ Walker D. Miller
United States District Judge