**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 05-CV-02515 -WDM

DONALD J. MCCORMICK,

       Plaintiff

v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

       Defendant

_____

**ORDER ON MOTION TO AMEND**
_____

Miller, J.

       This matter is before on the Motion Under Fed. R. Civ. P. 59(e) (doc no 32) filed by Defendant, Michael J. Astrue, Commissioner of Social Security ("Commissioner"). Commissioner requests that I alter or amend the Judgment filed February 7, 2007, which reversed and remanded this case for further proceedings. Plaintiff Donald J. McCormick opposes the motion. For the reasons set forth below, the Commissioner's motion is denied.

       I reversed the decision of the Administrative Law Judge ("ALJ") on the grounds that he failed to properly evaluate the opinions of two treating physicians and so that an after-submitted treating source opinion could be considered upon remand. In addition, I determined that the ALJ had improperly applied the Medical Vocational Grids in Plaintiff's

1

case, because substantial evidence did not support a finding that Plaintiff's pain was insignificant.

The Commissioner requests relief pursuant to Fed. R. Civ. P. 59(e). A Rule 59(e) motion should be granted only "to correct manifest errors of law or to present newly discovered evidence." *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997) (citations omitted).

The Commissioner argues that the ALJ properly considered the opinions of the treating physicians, contending that the Tenth Circuit does not require an ALJ to "ritualistically delineate every factor" in determining the weight to give the factors identified in *Watkins v. Barnhart*, 350 F. 3d 1297, 1301 (10th Cir. 2003). However, the case cited by the Commissioner do not pertain to the evaluation of a treating physician's opinion. *Qualls v. Apfel*, 206 F.3d 1368 (10th Cir. 2000); *Fischer-Ross v. Barnhart*, 431 F.3d 729 (10th Cir. 2005). Moreover, my reading of controlling Tenth Circuit authority persuades me that the *Watkins* factors must be addressed by the ALJ so that I may "meaningfully review" his findings. *See, e.g., Langley v. Barnhart*, 373 F.3d 1116, 1123 (10th Cir. 2004). Because the ALJ's decision does not provide sufficient indication that the ALJ properly considered the *Watkins* factors, particularly with respect to Dr. Laub's opinion, I discern no manifest error of law.

The Commissioner also argues that the medical opinion of Dr. Brewner, which was submitted to the Appeals Counsel after the ALJ's decision, does not need to be addressed because it is not material. I disagree. Dr. Brewner's opinion is relevant to the Plaintiff's

condition and also opines as to Plaintiff's possible restrictions on sitting. Accordingly, it should be considered upon remand. While the Commissioner may disagree with my assessment, he has not identified a "manifest error" of law.

Finally, the Commissioner argues that the ALJ was justified in applying the Medical-Vocational Guidelines to Plaintiff after finding that Plaintiff had a the capacity to perform a full range of sedentary work, citing *Glass v. Shalala*, 43 F.3d 1392 (10th Cir. 1994). *Glass* provides that "where the ALJ finds, based on substantial evidence, that the non-exertional impairment does not affect residual functional capacity," the grids may properly be used. 43 F.3d at 1396. As discussed in my order, I conclude that the substantial evidence does not support a finding that Plaintiff's pain is insignificant. Accordingly, upon remand, the ALJ should consider the degree to which the pain, as well as the effect of painkillers and other issues, affects Plaintiff's ability to perform sedentary work.

Accordingly, it is ordered:

1. The Commissioner's Motion Under Fed. R. Civ. P. 59(e) (doc no 32) is denied.

DATED at Denver, Colorado, on March 14, 2007.

BY THE COURT:

s/ Walker D. Miller
United States District Judge